IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WALID A. MUHAMMAD,  :   No. 3:24cv377
          **Plaintiff**  :
            :   (Judge Munley)
            :
     v.  :
            :
YVETTE KANE,  :
          **Defendant**  :
................................................................................................................

## **MEMORANDUM**

Before the court is a *pro se* complaint[1] filed by Plaintiff Walid A. Muhammad. (Doc. 1). Along with the complaint, plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3). For the reasons set forth below, plaintiff's IFP motion will be denied pursuant to 28 U.S.C. § 1915(g), and his complaint will be dismissed.

**Background**

Plaintiff filed his complaint on March 4, 2024. (Doc. 1). The complaint names as defendant the Honorable Yvette Kane of the United States District Court for the Middle District of Pennsylvania. (Id.)

Currently plaintiff is incarcerated at the State Correctional Institution ("SCI") Mahanoy in Frackville, Pennsylvania. (Doc. 1, ¶ II.A.) In the "Nature of

---

[1] Plaintiff submitted a form complaint that is provided for use by *pro se* prisoners. (Doc. 1).

Complaint" section of the form complaint, plaintiff has checked off "Civil Rights under 42 U.S.C. § 1983 (state, county, or municipal defendants)." (Id. ¶ I). The complaint explains little else as to the nature of the claim. Plaintiff indicates that the events he complains of occurred at SCI Mahanoy on and from December 1, 2022, up until February 27, 2023. (Id. ¶ III.) For the remainder of the complaint, plaintiff merely indicates: "A Statement of Collateral Damages for Injunctive Relief." (Id. ¶¶ III. C., IV, VI.) This phrase is also repeated with no context six times in an attachment to the complaint. (Doc. 1-1, at 1-6).

The only other hint as to the subject matter plaintiff attempts to raise in the complaint is provided on the seventh page of the attachment to the complaint, which appears to be a photocopy from a book containing the text of 42 U.S.C. § 1983. (Id. at 7). Highlighted on this photocopy is the portion of the statute which provides "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief . . ." (Id.)

On March 7, 2024, plaintiff filed another document. (Doc. 6). This document provides no further explanation of plaintiff's complaint. It states: "Redress: Suit in equity Representation of the Court: advocate-submitting Advocate act and omission declaratory decree to the District of Columbia by the Judicial Officer." (Id.) For the reasons that follow, plaintiff's motion to proceed IFP will be denied, and his complaint will be dismissed.

**Jurisdiction**

As plaintiff ostensibly brings this suit pursuant to 42 U.S.C. § 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331. (The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Discussion**

Plaintiff, an incarcerated prisoner, filed this action *pro se* and seeks leave to proceed IFP, therefore, the Prison Litigation Reform Act ("PLRA") applies. Section 1915(g) of the PLRA provides a "three-strikes" rule, which prevents a *pro se* prisoner from proceeding IFP if he has had three previous cases dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.

> Specifically, the three-strikes rule provides as follows:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A strike under section 1915(g) accrues "only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a

3

clam' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. 1915A(b)(1), 1915(e)(2)B(i), (ii) or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). "The text of Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without." Lomax v. Ortiz-Marquez, 590 U.S. - - , 140 S. Ct. 1721, 1723 (2020). The three-strikes rule "supplie[s] a powerful economic incentive not to file frivolous lawsuits or appeals." Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001).

Plaintiff has accrued more than three previous civil actions which have been dismissed on grounds of frivolousness or for failing to state a claim upon which relief may be granted. Specifically, plaintiff has at least the following six prior actions which have been dismissed on these grounds:

- Muhammad v. Vandime, 1:22cv1104,[2] amended complaint dismissed with prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1). (Docs. 46-47);

---

[2] All case numbers refer to the docketing number in the United States District Court for the Middle District of Pennsylvania.

4

- <u>Muhammad v. Imam of the Salafi Sect in Pittsburgh, PA</u>, 3:21cv590, amended complaint dismissed with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  (Docs. 17-18);

- <u>Muhammad v. Henesh</u>, 1:19cv2191, amended complaint dismissed with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  (Docs. 17-18);

- <u>Muhammad v. Weikel</u>, No. 1:19cv1373, complaint dismissed with prejudice as being barred by the doctrine of *res judicata* and for being frivolous and failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  (Docs. 15-16);

- <u>Muhammad v. DeBalso</u>, No. 1:19cv666, amended complaint dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docs. 23-24); and

- <u>Muhammad v. Kane</u>, No. 3:24cv60, complaint dismissed with prejudice as frivolous, for failure to state a claim and for seeking monetary relief from a defendant who is immune from such relief. (Docs. 8-9).

Upon the court's review of the above cases, plaintiff has accrued six strikes for the purposes of the three-strikes rule found in 28 U.S.C. § 1915(g).  Thus, he cannot proceed IFP in this action unless he "is under imminent danger of serious

physical injury." 28 U.S.C. § 1915(g).[3]  "[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Abdul-Akbar, 239 F.3d at 312.  Someone whose danger has passed cannot reasonably be described to be in imminent danger. Id. at 313.  Furthermore, to invoke this exception to the three-strikes rule, a prisoner must make specific and credible allegations as to the imminent danger. See Ball v. Famiglio, 726 F.3d 448, 470 (3d Cir. 2013).

Here, plaintiff has not alleged that he is in imminent danger of serious physical injury.  Rather, even under the most liberal construction of plaintiff's averments, any harm allegedly occurred in the past, from December 1, 2022, to February 27, 2023.  (Doc. 1 ¶ III(B)).  Thus, plaintiff does not qualify for relief under the imminent danger exception to the three-strikes rule.  His motion for leave to proceed IFP will be denied, and the instant case dismissed as the filing fee has not been paid.  An appropriate order follows.

---

[3] Judge Kane has previously concluded that plaintiff has amassed three strikes for the purposes of 28 U.S.C. § 1915(g) and denied at least five previous requests for IFP status. See 1) Muhammad v. Farrahkhan, 1:23-cv-337 (Doc. 16); 2) Muhammad v. Farrahkhan, 1:22-cv-1518 (Doc. 21); 3) Muhammad v. Vandime, 1:22-cv-1104 (Doc. 6); 4) Muhammad v. C.O. Houser, 1:21-cv-1544 (Docs. 12, 14); and 5) Muhammad v. Sgt. Evans, 1:21-cv-373 (Doc. 6).

Date: 3/19/24

_____
**JUDGE JULIA K. MUNLEY**
**United States District Court**